**MOORE BROTHERS CONSTRUCTION COMPANY, Plaintiff,**

v.

**BROWN & ROOT, INC., Highlands Insurance Co., Defendants.**

**Consolidated with the LANE CONSTRUCTION CO., Plaintiff,**

v.

**BROWN & ROOT, INC., Highlands Insurance Co., Defendants.**

**Civil Action Nos. 96–1809–A, 96–1810–A.**

United States District Court, E.D. Virginia, Alexandria Division.

April 22, 1997.

Raymond Julio Diaz, Rees, Broome & Diaz, Vienna, VA, for Moore Bros. Const. Co.

Charles Lester Shumate, Shumate, Kraftson & Sparrow, Reston, VA, for Brown & Root, Inc., Highlands Ins. Co.

Philip John Harvey, Shaw, Pittman, Potts & Trowbridge, Washington, DC, for Toll Road Investors Partnership II, L.P.

## MEMORANDUM OPINION

BRINKEMA, District Judge.

This case arises out of the construction of the Dulles Toll Road Extension (DTRE). Two subcontractors, Moore Brothers Construction Company (Moore) and The Lane Construction Company (Lane), have sued the general contractor, Brown & Root, Inc., and the surety, Highlands Insurance Co. (Highlands), alleging that they have not been fully paid. The case comes before this Court on plaintiffs' Joint Motion for Summary Judgment and Highlands' Cross–Motion for Summary Judgment. At issue between these parties is whether Highlands is bound by its contract payment bond for the project to pay the plaintiffs for work they performed under their subcontracts with Brown & Root.

### I.

The DTRE is a 14–mile long private toll road between Dulles International Airport and Leesburg, Virginia. It was built and is operated by the Toll Road Investors Partnership II (TRIP). In 1993, TRIP awarded the general toll road construction contract to defendant Brown & Root. Brown & Root Ln turn entered subcontracts with Moore and Lane to build parts of the road.

Defendant Highlands issued a contract payment bond as surety. The contract payment bond states:

The above-named Principal [Brown & Root] and Surety [Highlands] hereby jointly and severally agree with the Obligees that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon.

A claimant is defined as "one having a direct contract with the Principal or with a Subcontractor ... of the Principal for labor, material or both, used or reasonably required for use in the performance of the Construction Contract." It is uncontested that Moore and Lane are claimants under the payment bond because they have direct contracts with Brown & Root.

The bond becomes void only when Brown & Root pays the claimants:

if the above bounden Principal shall (I) promptly pay all just claims for labor and material (including public utility services and reasonable rental or equipment when such equipment is actually used at the site) performed to or supplied to said principal or any subcontractor or any supplier in the prosecution of the work contracted for under the Construction Contract.. then this obligation is to be void, otherwise, this obligation shall be and remain in full force....

The parties agree that Brown and Root paid Moore and Lane their base contract prices, respectively, $34,015,112.50 and $39,-532,000.00. Plaintiffs allege that they are owed more for their work under the contract. Specifically, Moore claims it is owed $4,584,-147.01 and Lane claims it is owed $3,904,-530.30 based on various change orders. These unpaid amounts arose in two contexts. Under the subcontracts, both Brown a Root and the plaintiffs were to complete all work by March 30, 1996. On September 30, 1994,

Brown & Root entered subcontract change orders with each plaintiff providing for early completion bonuses of $13,500.00 per day or 31.5% of the Incentive Bonus Monies paid to Brown & Root by TRIP for early completion. Both plaintiffs completed their sections of the road on September 29, 1995, 180 days ahead of schedule. The next day TRIP issued a Certificate of Substantial Completion certifying that September 30, 1995 was the commencement date for computation of the early completion bonus. Moore and Lane claim that they are each entitled to an early completion bonus of $2,430,000.[1]

In addition, plaintiffs claim they are entitled to additional compensation for extra work they were required to perform. Brown & Root and TRIP disputed whether the original contract included this work. The dispute eventually went to arbitration. The arbitrator issued an award to Brown & Root, including $2,279,147.01 specifically for the benefit of Moore and $1,624,530.30 for the benefit of Lane. The arbitrator reduced these awards for an equipment deduction in a supplemental report. He reduced Moore's award by $125,000 and Lane's award by $150,000; therefore, Moore's final award was $2,154,147.01 and Lane's final award was $1,474,530.30. The Loudoun County Circuit Court confirmed the arbitration award and no appeal of that confirmation was taken. Neither Brown & Root nor Highlands has paid the plaintiffs the early completion bonus or the amounts awarded in the arbitration.

## II. Analysis

■ Because there are no disputes as to the facts of this case, it is appropriate to resolve this case by summary judgment. Highlands argues that it does not have to pay Moore and Lane because the principal, Brown & Root, has not yet been paid by TRIP which is now unable to pay its debts. Highlands relies on Section 3.1.4 of each plaintiff's subcontract with Brown & Root, which provides:

Notwithstanding any other provision hereof, payment by Owner to General Contractor is a condition precedent to any ob-

1. Plaintiffs contend in their reply memorandum that they are each entitled to an additional $27,-000 because they completed the work 182, rather than 180, days early. The plaintiffs have provided no additional documentation, however, and the Court will use the initial figure.

ligation of General Contractor to make payment hereunder; General Contractor shall have no obligation to make payment to Subcontractor for any portion of the Sublet Work for which General Contractor has not received payment from the Owner.

Highlands argues that it is entitled to the benefit of this "pay-when-paid" clause and that it does not have to pay Moore and Lane because the condition precedent for payment by Brown & Root has not been satisfied. Resolution of the motions for summary judgment essentially turns on whether Highlands can assert the affirmative "pay-when-paid" defense found in plaintiffs' subcontracts with Brown & Root. Highlands argues that it is not liable to the plaintiffs because it has the right to raise all defenses the principal could raise.

Most of the courts which have dealt with this argument do not allow sureties to invoke "pay-when-paid" defenses appearing in subcontracts, especially when the subcontract is not explicitly incorporated into the payment bond. In *OBS Company v. Pace Construction Corporation,* 558 So.2d 404 (Fla.1990), a dispute arose over whether a surety had to pay subcontractors on a bond containing identical language to the bond signed by Highlands. The Florida Supreme Court held that "[t]he payment Bond is a separate agreement, and any inability to proceed against the general contractor does not necessarily prevent recovery against the sureties under the Bond." 558 So.2d at 408. In reaching that conclusion, the court noted that, like here, the payment bond did not incorporate the terms of the subcontracts.

At least two federal district courts have reached the same conclusion. *Brown & Kerr Inc. v. St. Paul Fire and Marine Insurance Company,* 940 F.Supp. 1245 (N.D.Ill.1996) (not permitting a commercial surety to assert the subcontract "pay-when-paid" clause to escape payment bond liability); *Shearman & Associates, Inc. v. Continental Casualty Company,* 901 F.Supp. 199 (D.Vi.1995) (same). Highlands acknowledges that the Virginia Supreme Court has not yet addressed this issue. *Federal Insurance Company v. Starr Electric Company,* 242 Va. 459,

410 S.E.2d 684, 689 n. 3 (1991) (refusing to consider "pay-when-paid" defense because it had not been raised in the trial court). Some courts have even gone so far as to invalidate "pay-when-paid" clauses altogether. For example, the Court of Appeals of New York held that a "pay-when-paid" provision that forces the subcontractor to assume the risk that the owner will not pay the general contractor is void as against public policy. *West–Fair Electric Contractors v. Aetna Casualty & Surety,* 87 N.Y.2d 148, 638 N.Y.S.2d 394, 399, 661 N.E.2d 967, 972 (1995).

Highlands relies heavily on the Virginia Supreme Court's decision in *Galloway Corporation v. S.B. Ballard Construction Co. et al.,* 250 Va. 493, 464 S.E.2d 349 (1995), which concluded contrary to the majority of state and federal courts, that a "pay-when-paid" clause is valid in subcontracts. However, that case does not help Highlands because it dealt solely with whether a prime contractor could assert the "pay-when-paid" clause a defense when sued by a subcontractor for failure to pay. Whether a surety can rely on such a clause has not been addressed in Virginia.

 As an alternative argument, Highlands claims that the phrase "justly due" in the bond means that all conditions precedent to payment under the subcontract are necessarily imported into the bond. Thus, because Brown & Root has not been paid either the early completion bonus or the arbitration awards, these monies are not "justly due" to the subcontractors. Because the surety bond at issue does not explicitly incorporate the terms and conditions of the subcontracts, the Court finds no merit in Highlands' arguments. A fair reading of this bond reveals as the only condition precedent for payment the subcontractors' completion of the work, the passage of ninety (90) days and the prime's failure to pay. In this case, all those conditions have been satisfied by the plaintiffs. Because the parties do not dispute that the work was done or its value, the Court deems "justly due" to mean that the surety is obligated to pay the subcontractors once those three conditions are met. The Court also concludes that in the context of construction payment bonds, the surety must explicitly

include within the language of its bond any claim to the defenses of the prime as against the subcontractor. Absent such clear language or clear incorporation of the subcontracts, the surety cannot rely on the prime's defenses to payment. Therefore, the Court rejects Highlands' reliance on the "pay-when-paid" clause in the subcontracts.

The purpose of contract payment or surety bonds in the construction field is to ensure payment to the subcontractor when the general contractor does not pay. As the district court stated in *Brown & Kerr,* "the proposition that the inability to proceed against the general contractor because of a 'pay-when-paid' clause in the subcontract necessarily prevents recovery against the surety under the payment Bond ... runs counter to the underlying purpose of the payment Bond." 940 F.Supp. 1245, 1249 (N.D.Ill.1996).

The Court finds further support for this conclusion by reference to Miller Act bonds which have the same general purpose as the contract payment bond at issue; that is, to ensure that subcontractors get paid if the general contractor fails to pay them for work and materials provided to the construction project. The Miller Act does not allow a "pay-when-paid" defense. Instead, it conditions the obligations of sureties to subcontractors, "not on payment by the government to the contractor, but rather on the passage of time from completion of the work or provision of materials." *United States ex. rel. T.M.S. Mechanical Contractors. Inc. v. Millers Mut. Fire Ins. Co. of Texas,* 942 F.2d 946, 949 n. 6 (5th Cir.1991).

■ As a subsidiary argument, Highlands claims that it is not bound by the arbitration award because the arbitration only considered claims between TRIP and Brown & Root. Highlands is correct that the dispute was formally between TRIP and Brown & Root. However, persons in privity with a party can be bound by it. *Bates v. Devers* 214 Va. 667, 202 S.E.2d 917, 921 (1974). As its surety, Highlands is in privity with Brown & Root. *Board of Supervisors v. Southern Cross Coal,* 238 Va. 91, 380 S.E.2d 636, 637 (1989). Although the plaintiffs were technically not parties to the arbitration, they were explicitly the beneficiaries of the award,

just as they are the beneficiaries of the payment bond. The award specified the exact sums each plaintiff is owed. In Virginia, by statute and under the common law, arbitration awards, which have been confirmed by a court are given full collateral estoppel effect. Va.Code § 8.01–581.012 (providing that a judgment confirming an arbitration award is to be treated like any other judgment), *Waterfront Marine Construction. Inc. v. North End Forty–Niners,* 251 Va. 417, 468 S.E.2d 894, 902 (1996). Therefore, these awards are to be treated as final judgments which establish liability of Brown & Root to the plaintiffs and thereby bind the surety as well.

■ Highlands further asserts that its obligations under the payment bond are discharged because TRIP has failed to perform its obligations. However, there is nothing in the bond which absolves the surety from liability if TRIP or the other obligees fail to pay Brown & Root. Lastly, Highlands argues that is entitled to summary judgment because the bond only covered "labor and materials." The completion bonus, according to Highlands, is not covered because Moore and Lane were required to do the work anyway and did not incur additional costs. However, the Court finds that the provision of labor and materials was still involved in the bonus work. Furthermore, under its contract with the principals, Highlands waived any right to object to changes in the contracts, unless they resulted in a 25% increase in Highland's liability. The bonus changes did not result in a 25% increase.

Because the Court finds that nothing in the language of its surety bond or in the facts of this case discharges Highlands from liability on its bond, and because Brown & Root has not paid Moore and Lane for work they have provided under their subcontracts on the bonded construction project, Highlands must now fulfill its obligations under that bond. Therefore, plaintiffs' Joint Motion for Summary Judgment against Highlands is GRANTED and defendant Highlands' Cross–Motion for Summary Judgment is DENIED. A Judgment Order will issue.

## ORDER

For the reasons explained in the accompanying Memorandum Opinion, it is hereby

ORDERED that plaintiffs' Joint Motion for Summary Judgment is GRANTED, defendant's Cross–Motion for Summary Judgment is DENIED and it is hereby

ORDERED, ADJUDGED and DE-CREED that judgment be and is entered in favor of plaintiff, Moore Brothers Construction Company, against the defendant Highlands Insurance Company, in the amount of $4,584,147.01, and it is further

ORDERED, ADJUDGED and DE-CREED that judgment be and is entered in favor of plaintiff The Lane Construction Company against the defendant Highlands Insurance Company, in the amount of $3,904,530.30.